Entered on Docket
June 08, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 07, 2007

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARLA J. RABIN,<br>fdba Nosh Productions, Inc.,<br><br><br><br>                    Debtor. | Case No. 05-32572 TEC 7<br>(administratively consolidated<br>with In re Nanoshka Johnson,<br>Case No. 05-32573)<br><br>Chapter 7 |

### MEMORANDUM RE TRUSTEE'S OBJECTION TO CLAIMS
### OF PARAGON REAL ESTATE GROUP OF SAN FRANCISCO, INC.

The court held a hearing on April 16, 2007, on the trustee's objection to the two proofs of claim filed by Paragon Real Estate Group of San Francisco, Inc. (Paragon) against the Debtors in the above-captioned administratively consolidated bankruptcy estates. Reidun Strømsheim appeared for the trustee. Michael A. Gevertz appeared for Paragon.

Upon due consideration, and for the reasons stated below, I overrule the trustee's objection, and allow both of Paragon's claims as filed. Paragon shall not, however, be entitled to recover more than a total of $38,500 on account of its two claims.

**MEMORANDUM DECISION**

-1-

**FACTS**

On May 9, 2005, Marla J. Rabin (Debtor) and Nanoshka Johnson, equal co-owners of real property located at 158 Everson Street, San Francisco (Property), signed a Residential Listing Agreement (Agreement) with Paragon, granting it the exclusive right to sell the Property. (Agreement, ¶ 1). The Agreement defines "Seller" as Debtor and Nanoshka Johnson, and provides in relevant part as follows regarding Pargaon's compensation: "Seller agrees to pay to Broker as compensation for service irrespective of agency relationship(s) . . . 5 percent of the . . . purchase price . . . ." Agreement, ¶4A.

On May 20, 2005, Paragon listed the Property for sale. On August 11, 2005, Ms. Rabin and Ms. Johnson each filed chapter 7 bankruptcy petitions. On August 29, 2005, this court signed an order in each of the two bankruptcy cases granting the trustee's motion to approve sale of the Property in the amount of $770,000, and requiring the trustee to pay from the sales proceeds the mortgage and regular closing costs, except for Paragon's $38,500 sales commission (Commission).

On September 7, 2005, the trustee filed an adversary proceeding (No. 05-3401) against the title company holding the proceeds from the sale of the Property, due to the title company's alleged refusal to turn over the Commission to the trustee.

On September 21, 2005, the court signed an order granting the trustee's motion to administratively consolidate the cases of Debtor and Ms. Johnson, and requiring all future pleadings to be

**MEMORANDUM DECISION**

-2-

filed in Debtor's bankruptcy case. The order did not substantively consolidate the two cases.

On December 1, 2005, the parties to Adv. Proc. No. 05-3401 filed a stipulation (Stipulation) requiring the title company to turn over to the trustee the Commission, and providing as follows regarding the Commission: "Paragon Real Estate Group is entitled to file a Proof of Claim in the bankruptcy case of In re Marla J. Rabin and Nanoshka C. Johnson, and it has a valid general unsecured claim in the amount of $38,500 in that case."

On December 9, 2005, Paragon filed a general unsecured claim in the amount of $38,500 in each of the two bankruptcy cases. Other than the case name and number, the claim filed in each case is identical, and attaches a copy of the Agreement.

On April 6, 2006, the trustee filed and served on counsel for Paragon an objection to Paragon's claim filed in the Nanoshka Johnson case, seeking disallowance of such claim as a duplicate of the claim filed in Debtor's bankruptcy case. Paragon did not file a request for hearing on the trustee's objection.

Nearly one year later, on March 1, 2007, Trustee filed an application seeking to reduce by 50% the claims filed by Paragon in Ms. Johnson's and Debtor's bankruptcy cases, and allowing in each case an unsecured claim in the sum of $19,250. The application provides as follows:

> The Trustee has previously filed an objection to the claim filed in the Johnson case, and asked that it be disallowed. However, this was based on the erroneous assertion that the two cases were substantively consolidated. The cases have simply been Administratively Consolidated, where the only asset of the estate, the proceeds of the sale of a piece of real

**MEMORANDUM DECISION**

-3-

> property, will be divided and paid one half each to the
> creditors of each estate. . . .

On March 7, 2007, Paragon filed opposition to the trustee's application, arguing that Ms. Johnson and Debtor are co-obligors under the Agreement, and are jointly and severally liable thereunder to pay Paragon the Commission. Paragon further argued that the trustee's objection was inconsistent with the Stipulation, and asked this court to allow its two claims in the amount of $38,500 each. On April 16, 2007, Paragon filed a supplemental response to the trustee's claim objection, clarifying that it did not seek to recover more than a total of $38,500 from the two bankruptcy estates.

On April 16, 2007, the court held a hearing on the trustee's objection to Paragon's two proofs of claim. At the hearing, counsel for the trustee stated that it appeared there were insufficient funds to pay the claims of the two bankruptcy estates in full, and argued that the Stipulation limited Paragon's claim to one claim in the amount of $38,500, that allowing the claim in each case would be to allow Paragon a $77,000 claim, and that such a result would be unfair to other creditors.

Paragon argued that the obligation is joint and several in the amount of $38,500 against each Debtor under Cole v. Lowe, 81 Cal. App. 633 (1927) and California Civil Code section 1659. Paragon contended that the trustee should file in one of the bankruptcy cases a contingent proof of claim for equitable contribution or indemnity in the event she ended up paying Paragon more than a full recovery.

**MEMORANDUM DECISION**
-4-

**LAW**

Property rights in the assets of a bankruptcy estate are determined by state law. Butner v. U.S., 440 U.S. 48, 53 (1979). In California, when "all parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several." Cal. Civ. Code § 1659. Furthermore, "[a] promise, made in the singular number, but executed by several persons, is presumed to be joint and several." Id. § 1660.

Both Debtor and Ms. Johnson signed the Agreement and benefitted from Paragon's listing of the Property for sale and procurement of a buyer for the Property. Based on the services provided by Paragon, the trustee sold the Property for $770,000. Because both Debtor and Ms. Johnson united in the promise to pay Paragon for its services, they are presumed to be jointly and severally liable to Paragon for the commission, absent express or implied language in the Agreement to the contrary. Cal. Code Civ. Proc. §§ 1659, 1660 (statutory presumptions); Cole v. Lowe, 81 Cal. App. at 638 (section 1659 presumption applies absent express or implied language in agreement to the contrary).

There is no language in the Agreement that undermines the statutory presumption of joint-and-several liability, and the Trustee has not introduced any evidence other than the Stipulation to rebut the presumption.

The Stipulation provides as follows regarding Paragon's claims based on the Commission: "Paragon Real Estate Group is entitled to file **a** Proof of Claim in **the** bankruptcy case of In re Marla J.

**MEMORANDUM DECISION**

-5-

Rabin and Nanoshka C. Johnson, and it has **a** valid general unsecured claim in the amount of $38,500 in that case." (emphasis added). Eight days after the Stipulation was filed, Paragon filed a proof of claim on account of the Commission in each of the two bankruptcy cases. Four months after the Stipulation was filed, Trustee filed an objection to one of the Paragon claims, based on what she later admitted was a mistaken assumption that the two cases has been substantively consolidated. The objection did not assert that the filing of the two claims violated the Stipulation.

"A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. Mutual intent is determined by the objective manifestations of the parties' intent, including the words used in the agreement, and the subsequent acts and conduct of the parties. City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal.App. 4th 445 (1998).

Paragon's prompt filing of two proofs of claim after execution of the Stipulation objectively suggests that Paragon did not believe the Stipulation altered its substantive legal rights. The trustee's claim objection did not seek to disallow one of Paragon's claims as contrary to the Stipulation, but rather as a duplicate claim. This history suggests that the trustee also did not believe that the Stipulation altered Paragon's substantive legal rights.

Because the Stipulation does not alter the substantive rights of Paragon, and in light of the post-Stipulation conduct of the

**MEMORANDUM DECISION**

-6-

parties noted above, the court finds that the Stipulation does not rebut the state-law presumption of joint and several liability.

Trustee cites to no Bankruptcy Code provision that alters Paragon's state-law rights.

Although it does not appear likely that creditors of Debtor and Ms. Johnson's bankruptcy estates will be paid more than a small portion of their claims, it would be improper for Paragon to receive more than a total of $38,500 from both bankruptcy estates. Accordingly, the court instructs the trustee not to pay Paragon more than $38,500 total on account of its claims against Debtor and Ms. Johnson, as provided in the accompanying order.

**\*\*END OF MEMORANDUM DECISION\*\***

**MEMORANDUM DECISION**

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | Reidun Stromsheim, Esq. |
|   | Law Offices of Stromsheim and Assoc. |
| 3 | 201 California St. #350 |
|   | San Francisco, CA 94111 |
| 4 | |
|   | E. Lynn Schoenmann |
| 5 | 800 Powell Street |
|   | San Francisco, CA 94108 |
| 6 | |
|   | Michael A. Gevertz, Esq. |
| 7 | Steefel, Levitt & Weiss, PC |
|   | One Embarcadero Center, 30th Fl. |
| 8 | San Francisco, CA 94111-3719 |